**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Robinson,** | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL NO: 1:26-CV-00705-ADA** |
| **vs.** | § | |
| | § | |
| **Damphousse et al.,** | § | **JURY TRIAL DEMANDED** |
| *Defendant.* | § | |

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR**
**<u>TEMPORARY RESTRAINING ORDER</u>**

Before the Court is Plaintiff's motion for a temporary restraining order.  ECF No. 2. Plaintiff requests that the Court enjoin "Defendants, actors of the State of Texas acting under the color of state law, from illegally terminating him on May 31, 2026, in retaliation for the exercise of his First Amendment right to speak as a private citizen on matters of public concern."  *Id.* at 1. For the reasons stated below, the Court **DENIES** Plaintiff's motion without prejudice to refiling. Plaintiff is **ORDERED** to serve defendants with a copy of his complaint and motion for a preliminary injunction.  Defendants are **ORDERED** to timely respond.  The Court will then set a hearing on Plaintiff's motion for a preliminary injunction.  If the Court is unable to set a hearing prior to May 17, 2026, Plaintiff may refile his motion for a temporary restraining order.  The Clerk of Court is requested to leave ECF No. 2 as unresolved on the docket.

## I.  LEGAL STANDARD

"The factors that govern an application for a temporary restraining order are the same as those that govern a request for preliminary injunction." *William E. McBryde, Inc. v. Rodriguez*, Civil Action No. SA-07-CA-143-XR, 2007 U.S. Dist. LEXIS 12272, at *6 (W.D. Tex. Feb. 13,

1

2007) (collecting cases). The chief difference between a TRO and PI motion is that the TRO imposes strict preliminary notice requirements. "A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65(b)." *William E. McBryde*, 2007 U.S. Dist. LEXIS 12272, at *7; ECF No. 2 at 9–10.

## II.  ANALYSIS

Plaintiff argues he faces irreparable harm if he is fired on May 31, 2026.  ECF No. 2 at 18. Thus, it is not apparent to the Court that Plaintiff will suffer any immediate and irreparable injury if the Court denies his request for a temporary restraining order and allows the defendants to respond to Plaintiff's request for a preliminary injunction.  The Court understands that if the Court cannot address this issue prior to May 31, 2026, then Professor Robinson may face irreparable harm.  Thus, the Court will endeavor to hold an evidentiary hearing on Professor Robinson's preliminary injunction prior to May 31, 2026.

## III.  CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion for a temporary restraining order without prejudice to refiling.  Plaintiff is **ORDERED** to serve defendants with a copy of his complaint and motion for preliminary injunction.  Defendants are **ORDERED** to timely respond.  The Court will then set a hearing.  If the Court is unable to set a hearing prior to May 17, 2026, Plaintiff may refile his motion for a temporary restraining order.

Signed: 03/25/2026

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE