**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IDRIS ROBINSON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**KELLY DAMPHOUSSE, PRANESH ASWATH, VEDARAMAN SRIRAMAN, and THILLAINATARAJAN SIVAKUMARAN, in their individual and official capacities as state actors and officers of TEXAS STATE UNIVERSITY, and STEVEN LEE, DIONICIO FLORES, CHARLIE AMATO, DUKE AUSTIN, SHEILA FASKE, RUSSELL GORDY, TOM LONG, WILLIAM SCOTT, ALAN TINSLEY, DONOVAN BROWN, in their official capacities as REGENTS of the TEXAS STATE UNIVERSITY SYSTEM,**<br><br>**Defendants.** | § § § § § § § § § § § § § § § § § § § § § | **CIVIL ACTION NO. 1:26-cv-705** |

---

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT**

---

Plaintiff Idris Robinson and Defendants Kelly Damphousse, Pranesh Aswath, Vedaraman Sriraman, and Thillainatarajan Sivakumaran, in their individual and official capacities as state actors and officers of Texas State University, and Stephen Lee, Dionicio Flores, Charlie Amato, Duke Austin, Sheila Faske, Russell Gordy, Tom Long, William Scott, Alan Tinsley, and Donovan Brown, in their official capacities as Regents of the Texas State University System (collectively, the "Defendants") file this Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. The parties conferred on August 4, 2026, via videoconference on the matters specified in Rule 26(f) and the Court's Docket Control Order. In attendance were Samantha Harris,

counsel for Plaintiff, and Darren G. Gibson and Ryder F. Smith, counsel for Defendants.

1. **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

   Plaintiff's Position:

   Plaintiff Idris Robinson brings claims against Defendants alleging violations of the First and Fourteenth Amendments under 42 U.S.C § 1983, as set forth in Plaintiff's Original Complaint [ECF No. 1]. In particular, Plaintiff alleges that Defendants retaliated against him by non-renewing his faculty appointment in response to Plaintiff's protected speech.

   Defendants' Position:

   Defendants deny Plaintiff's allegations and have asserted defenses set forth in Defendants' Answer and Affirmative and Other Defenses to Plaintiff's Original Complaint [ECF No. 11]. Defendants deny that they engaged in unlawful retaliation of Plaintiff in response to protected speech.

2. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:**

   a. **Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

      N/A

   b. **If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?**

      N/A

   There are no outstanding jurisdictional issues. This case arises under a federal statute.

3. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

   There are currently no unserved parties.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

The parties will make stipulations of fact and law as required in their pre-trial filings.

5. **Are there any legal issues in this case that can be narrowed by agreement or by motion?**

None at this time.

6. **Are there any issues about preservation of discoverable information?**

No issues are known at this time.

7. **Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

The parties agree that ESI will be produced in a reasonably usable form. ESI may be produced in native format or as single-page images (TIFF or PDF) with corresponding text, metadata, and load files. Consistent with standard e-discovery practices, documents may be converted from native format to image format for purposes of review and redaction prior to production. Excel files will produce in Native format. If a party determines a document is not accessible in such formats, then the parties agree to confer in good faith to address requests for production in an agreeable, alternative format. The parties have not yet agreed on custodians, search terms, or the scope of metadata and will confer in good faith should disputes arise.

8. **What are the subjects on which discovery may be needed?**

Discovery will be needed regarding Plaintiff's claims, Defendants' defenses, Plaintiff's alleged damages, Plaintiff's alleged costs and attorneys' fees, and any other matters relevant to the claims and defenses asserted in this action.

9. **Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

The parties have mutually agreed to exchange initial disclosures by October 5, 2026.

10. **What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

No discovery has been completed at this time. The parties agree to conduct discovery pursuant to the proposed scheduling order pending entry of a final scheduling order from the Court.

11. **What, if any, discovery disputes exist?**

None at this time.

12. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties will consider filing such a proposed order.

13. **Have the parties discussed early mediation?**

The parties have discussed the possibility of early resolution, and it does not appear that an early mediation would likely lead to a resolution of this case. Accordingly, the parties anticipate conducting a mediation after the close of discovery, pursuant to the proposed scheduling order.

14. **Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention**?

The parties have discussed possible entry of the WDTX standard one-tier protective order in the event that confidential information is subject to discovery. The parties will further consider the need for a protective order once document discovery commences.

Dated: October 1, 2026

Respectfully submitted,

*/s/ Samantha K. Harris*
Samantha K. Harris
Michael Thad Allen
Allen Harris PLLC
PO Box 673
Narberth, PA 19072
(610) 634-8258
sharris@allenharrislaw.com
mallen@allenharrislaw.com

**Attorneys for Plaintiff**

*/s/ Darren G. Gibson*
Darren G. Gibson
Southern District Federal No. 1041236
Texas State Bar No. 24068846
Darren.Gibson@michaelbest.com
Ryder F. Smith
Southern District Federal No. 3978427
Texas State Bar No. 24117210
Ryder.Smith@michaelbest.com

MICHAEL BEST & FRIEDRICH LLP
515 Congress Avenue, Suite 2500
Austin, Texas 78701
Telephone: 512.320.0601
Facsimile: 512.640.3170

**Attorneys for Defendants**